IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HENRY L. GAMMON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-02-0647 |
| | § | |
| J.W. STEEL AND SUPPLY, INC., | § | |
| *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Plaintiff, Henry L. Gammon, contends that his former "joint employer," J.W. Steel and Supply, Inc., and Subsea Manufacturing Systems, L.P., improperly terminated his medical insurance coverage a month before he resigned, despite the fact that deductions were taken from his paychecks for such insurance, and did not provide him with COBRA coverage after his employment ended. In this suit, Gammon alleges causes of action under ERISA. He sues not only J.W. Steel and Supply, Inc. and Subsea Manufacturing Systems, L.P., but also two individuals, Wayne Carpenter and John Stockton. Defendants have filed a motion for a more definite statement. (Docket Entry No. 8). Plaintiff has filed a response. (Docket Entry No. 10).

"If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." FED. R. CIV. P. 12(e). However, "the class of pleadings that are appropriate subjects for a motion under

Rule 12(e) is quite small–the pleading must be sufficiently intelligible for the court to be able to make out one or more potentially viable legal theories on which the claimant might proceed."  5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1376 (2d ed. 1990).  A motion for more definite statement is used to provide a remedy only for an unintelligible pleading rather than a correction for lack of detail.  *See Davenport v. Rodriguez,* 147 F. Supp.2d 630, 639 (S.D. Tex. 2001).

Defendants' primary complaint about the complaint is that Gammon has used "generic group pleading" in alleging conduct that violates ERISA, without distinguishing which acts were committed by which defendant.  There is no prohibition against group pleading.  While group pleading is often disfavored in fraud claims, *see, e.g.*, *Melder v. Morris*, 27 F.3d 1097 (5th Cir. 1994), group pleading by itself does not require dismissal of a fraud claim.  *See, e.g.*, *Zuckerman v. Foxmeyer Health Corp.*, 4 F. Supp. 2d 618, 626 & n.4 (N.D. Tex. 1998) (denying a motion to dismiss a securities fraud pleading partially because the plaintiffs "clearly name each individual defendant whom they allege had a hand in the misrepresentation").  In this case, the complaint does make certain specific factual allegations as to Carpenter and Stockton, see Docket Entry No. 1, ¶¶ 21, 28.  The pleading complies with Rule 8 and is sufficient to permit the defendants to frame a response.  The motion for more definite statement is denied.

SIGNED on August 28, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

2